NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIJAH PITTMAN, | Civil Action No. 16-9545 (JMV/MF) |
| Plaintiff, | |
| v. | OPINION |
| PATRICK NOGAN, *et al.*, | |
| Defendants. | |

**VAZQUEZ, District Judge:**

## I. INTRODUCTION

This matter comes before the Court upon *pro se* Plaintiff Elijah Pittman's filing of an amended civil rights complaint. (ECF No. 8.) The Court must review Plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss Plaintiff's Amended Complaint in its entirety, without prejudice, as to all defendants.

## II. BACKGROUND

Initially, the Court wishes to emphasize several key considerations which frame the reasoning and analysis set forth in this Opinion. First, "Plaintiff's primary claim [in this matter as] against all defendants is that they threatened, harassed, and forced him to enroll in school [during his confinement at East Jersey State Prison]." (Mar. 24, 2017 Op., ECF No. 6 at PageID: 5.) Second, all of Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. (*See* Pl.'s Am.

Compl., ECF No. 8 at PageID: 52.) Third, Plaintiff will have a viable cause of action under § 1983 if, and only if, a person acting under color of state law has deprived him of – or otherwise violated – a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Fourth, "Plaintiff does not have a constitutional or statutory right to remain free from attending school in prison." (ECF No. 6 at PageID: 45-46 (citing *Bryant v. New Jersey Department of Corrections*, 2017 WL 785838, at *1 (N.J. Super. Ct. App. Div. Mar. 1, 2017).)

It is against this backdrop that the Court dismissed Plaintiff's original Complaint, in its entirety, on March 24, 2017, because it failed to allege facts that would support a viable cause of action under § 1983. (*See* ECF Nos. 6 and 7.) The Court summarized the factual allegations alleged therein, in pertinent part, as follows:

> On July 14, 2014, [Defendant] Guy Cirillo, the assistant superintendent, and Mr. House[, an individual who has not been formally named as a Defendant in this matter,] performed Plaintiff's yearly classification review at East Jersey State Prison. They told Plaintiff he had to enroll in school because he did not have a high school diploma or a G.E.D. Plaintiff was put in lock-up on February 13, 2015, because he refused to go to school. He was sentenced to six months in administrative segregation, and sixty days were added to his sentence.

(ECF No. 6 at Page ID: 42.)

Plaintiff's original Complaint also relatedly "challeng[ed] the outcome of [the] prisoner disciplinary hearing [at which the above-referenced disciplinary actions were imposed]." (*Id.* at PageID: 44.) In that respect – and based on the facts alleged in that pleading – the Court construed Plaintiff's specific disciplinary hearing-related allegations against Defendant G. Nolley – including that she purportedly "added time to his sentence" – as a claim that Defendant Nolley improperly "[took] away [Plaintiff's] good-time credits." (*Id.*) The Court made clear that such

a claim is "not cognizable under § 1983." (*Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Garcia v. Jordan*, 667 F. App'x 24, 25 (3d Cir. 2016)).) "Apart from the prison disciplinary hearing and resulting sanctions, [Plaintiff's original pleading] did not describe any threat or harassment nor did he describe the manner in which any particular defendant forced him to enroll in school or prevented him from signing out." (*Id.* at PageID: 45.) Nor did Plaintiff's Complaint contain facts to plausibly suggest "that he was subject to infliction of pain or deprived of medical care as punishment for not enrolling in school." (*Id.*)

As such, the only plausible claim Plaintiff could have asserted against Defendants under § 1983 based on the facts alleged in his original pleading was a "conditions of confinement [claim] under the Eighth Amendment." (*Id.*) The Court then explained why Plaintiff's original Complaint failed to plausibly support such a claim:

> Plaintiff was sentenced to fifteen days of "lock-up," and six months of administrative segregation. (ECF No. 1 at 10.) "Placing an inmate in restricted housing does not violate the Eighth Amendment 'as long as the conditions of confinement are not foul, inhuman or totally without penological justification." *See Jones v. Davidsion*, 666 F. App'x 143, 147 n.3 (quoting *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992)). Plaintiff has not described foul or inhuman conditions in lock-up or administrative segregation. Although he contends Defendant G. Nolley could have exercised her discretion not to sentence him to administrative segregation, he does not allege that the punishment was totally without penological justification. Plaintiff fails to state a claim based on his placement in lock-up or administrative segregation.

(*Id.* at 45.)

The Court dismissed Plaintiff's original Complaint, in its entirety, without prejudice, on March 24, 2017. (ECF No. 7.) Plaintiff filed his current pleading, *i.e.*, his Amended Complaint, on April 26, 2017. (ECF No. 8.) Plaintiff's Amended Complaint is subject to the Court's *sua*

3

*sponte* screening under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

## III. STANDARD OF REVIEW

District courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). This statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *see also Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").
Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. ANALYSIS

This Court has now reviewed the factual allegations and claims set forth in Plaintiff's Amended Complaint. Based on that review, Plaintiff has failed to provide any additional information addressing the specific pleading deficiencies identified by the Court in its March 24, 2017 Opinion. Indeed, the substantive allegations detailed in Plaintiff's Amended Complaint remain largely unchanged from those set forth in Plaintiff's original Complaint. (*Compare* ECF No. 1 and ECF No. 8.) Plaintiff names the same individuals as Defendants. (*Id.*) Plaintiff's primary claim is again that Defendants threatened, harassed, and forced him to enroll in school during his confinement at East Jersey State Prison. (*See*, *generally*, ECF No. 8.) Plaintiff again challenges the outcome of the disciplinary hearing which resulted in him being sentenced to fifteen days of "lock-up" and six months of administrative segregation. (*Id.*) In that regard, Plaintiff has not pled any new facts with respect to his reasserted allegations against Defendant G. Nolley that allow this Court to construe those specific claims as anything other than an assertion that Defendant Nolley improperly took away Plaintiff's good-time credits. (*See id.* at PageID: 62.) Moreover, Plaintiff has again failed to describe foul or inhuman conditions in lock-up or administrative segregation. The Court is unable to find any new facts alleged against Defendants which address the pleading deficiencies identified in the Court's prior screening Opinion. The only substantive difference which the Court has identified between the two pleadings is that Plaintiff's Amended Complaint now specifies that he is seeking monetary damages of $100,000.00 (*see id.* at PageID: 59), whereas in his original Complaint, "Plaintiff did not state what relief he seeks." (ECF No. 6 at PageID: 43.)

In short, Plaintiff's Amended Complaint fails to provide facts or information beyond that which the Court already found inadequate for purposes of allowing Plaintiff's prior pleading to

proceed past *sua sponte* screening.[1] Accordingly, and for the additional reasons detailed in the Court's March 27, 217 Opinion – which the Court expressly incorporates by reference – the Court finds that dismissal of Plaintiff's Amended Complaint, in its entirety is appropriate.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed without prejudice. To the extent Plaintiff is able to amend his Complaint with facts sufficient to overcome the deficiencies noted in this Opinion, Plaintiff will be given *one final* opportunity to file a proposed amended complaint, should he elect to do so. That pleading will also be subject to screening and any inadequately pled claims may be dismissed *with prejudice*. An appropriate Order accompanies this Opinion.

Date: October 29, 2018         s/ John Michael Vazquez  
At Newark, New Jersey        JOHN MICHAEL VAZQUEZ  
       United States District Judge

---

[1] For this reason, the Court will also deny Plaintiff's renewed application for pro bono counsel (at ECF No. 8 at PageID: 67-70) at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (appointment of pro bono counsel appropriate only if the court finds sufficient legal and factual merit to a *pro se* litigant's claims).